**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

QUAN WESTLEY,

                               Plaintiff,

            - v -                                           Civ. No. 8:16-CV-1102
                                                                   (NAM/DJS)

JOE BURDO,

                               Defendant.

**APPEARANCES:**                                         **OF COUNSEL:**

QUAN WESTLEY
Plaintiff, *Pro Se*
5411 Peru St., Apt. # 2
Plattsburgh, NY 12901

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Quan Westley, who was formerly incarcerated at Elmira Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. In an Order dated September 21, 2016, the Court granted Plaintiff's IFP Application. The Court now *sua sponte* reviews Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

### I. DISCUSSION

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action IFP.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give

the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Analysis

In bringing this action, Plaintiff used the *pro forma* Complaint for actions brought pursuant to 42 U.S.C. § 1983.[1] *See* Compl. The entirety of the allegations contained in the Complaint are as follows: "My parole officer Joe Burdo lied to [illegible] my parole violation." *Id.* at p. 5. Plaintiff purports to state claims under the Fourth and Fourteenth Amendments for malicious prosecution, excessive force, and violations of his right to due process. *Id.* Plaintiff's brief factual allegation fails to state any claim upon which relief may be granted. Plaintiff's allegation is insufficient under Rule 8 of the Federal Rules of Civil Procedure, which requires that pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's summary allegation is insufficient to give the Defendant "fair notice of the claim being asserted so as to permit [him] the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Accordingly, the Court recommends that Plaintiff's Complaint be **dismissed**. However, in light of Plaintiff's *pro se* status, the Court recommends that prior to outright dismissal Plaintiff be afforded the opportunity to submit an amended complaint, with the warning that failure to submit an amended complaint will result in dismissal of this action.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil

---

[1] The *pro forma* complaint Plaintiff used is from the Western District of New York.

Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, he should specifically make reference to such laws.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint. In any amended complaint that Plaintiff files,

he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order and the Northern District's *pro forma* complaint for actions brought pursuant to 42 U.S.C. § 1983 upon the Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 23, 2016
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge